UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAKIRA BRADFORD,

       Plaintiff,                                     Hon. Paul L. Maloney

v.                                                      Case No. 1:14-CV-1061

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act. (Dkt. #17). Plaintiff's counsel seeks $4,687.50 in fees and costs, as detailed in his application. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the motion be **granted in part and denied in part**.

On March 6, 2015, the Honorable Paul L. Maloney entered judgment in this matter reversing the Commissioner's decision and remanding this matter for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff's counsel now moves the Court for an award of attorney's fees pursuant to the EAJA. In his application, counsel seeks an award of $4,687.50 (25 hours multiplied by an hourly rate of $187.50).

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v.*

*0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Commissioner of Social Security*, 104 F.3d 853, 855 (6th Cir. 1997).

The burden rests with the Commissioner to establish that his position was substantially justified, *see Secretary, United States Department of Labor v. Jackson County Hospital*, 2000 WL 658843 at *3 (6th Cir., May 10, 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). However, the fact that the Commissioner's decision is found to be supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir., Sept. 22, 1997); *see also*, *Couch v. Sec'y of Health and Human Services*, 749 F.2d 359, 359 (6th Cir. 1984). Defendant does not oppose the present motion.

The relevant statute provides that "fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The statute expressly contemplates compensating attorneys at an hourly rate greater than $125. Thus, the question is not whether an increase in the EAJA payment rate is permitted, but rather what evidence must an attorney present to justify such.

Counsel bears the burden to "produce satisfactory evidence - in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant v. Commissioner of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009). The *Bryant* court noted that

"submitt[ing] only the Department of Labor's Consumer Price Index" was insufficient to justify an increase of the statutory rate, but otherwise the Sixth Circuit has provided no guidance as to the quantity or quality of evidence sufficient to justify an increase in the hourly EAJA rate.

While this Court has long resisted requests to compensate attorneys at an hourly rate greater than $125, the Court recognizes that the trend on this particular issue is otherwise. *See, e.g., Sprinkle v. Colvin*, 777 F.3d 421, 427-28 (7th Cir. 2015) (collecting cases). The Court is also persuaded by the rationale recently articulated by the Honorable Hugh W. Brenneman:

> Although the EAJA was enacted in October 1981, it was amended in March 1996 to increase the hourly fee rate from $75.00 to $125.00. Thus, the statutory rate for EAJA fees has remained the same for nearly two decades since the last increase. It has become commonplace for prevailing plaintiffs in Social Security Appeals to request EAJA fees and then request attorney fees in excess of $125.00 per hour. In recent years, this Court has found a reasonable attorney fee for experienced Social Security practitioners in EAJA cases to be $175.00.
>
> The Court based this $175.00 hourly rate on the increased cost of living as well as the prevailing market rate for hiring an attorney in Kent County, Michigan. Kent County, a well populated county in the center of the southern division of this district, is home to the state's second largest city and a venue of this Court, and is well situated for determining a proper market rate. The mean hourly billing rate for attorneys in Kent County is $298.00, an amount which is 238% higher than the statutory rate set forth in the EAJA. A significant majority of attorneys in Kent County (i.e., 75%) bill at an hourly rate exceeding $208.00, an amount which is 166% higher than the EAJA statutory rate. Statewide, the mean hourly billing rate for public benefits attorneys in Michigan is $231.00, an amount which is 185% higher than the EAJA statutory rate. A significant majority of public benefits attorneys statewide (i.e., 75%) bill at an hourly rate exceeding $180.00, an amount which is 144% higher than the EAJA statutory rate. The reality is that most attorneys in Kent County, and most public benefits attorneys statewide, bill at hourly rates far in excess of the EAJA hourly rate of $125.00.

*Martin v. Commissioner of Social Security*, 2015 WL 3513770 at *2 (W.D. Mich., June 4, 2015) (internal citations omitted).

It must be noted, however, that the Court is not undertaking to amend the EAJA statute to make $175 per hour the default rate of payment. While the Court finds that this rate appropriately accounts for increases in the cost of living, each motion for EAJA fees must still be evaluated on its own merit and counsel must present evidence sufficient to justify payment to her at an increased rate. While the Department of Labor's Consumer Price Index is relevant evidence on this question, as previously noted, the Sixth Circuit holds that submitting nothing more than the CPI is insufficient. The Sixth Circuit's observation in this regard is not inconsistent with the approach recently adopted by the Seventh Circuit:

> [Acknowledgment of increases in the cost of living] does not create an automatic entitlement to fee enhancements. It simply recognizes that the EAJA's language about "the cost of living" reflects an assumption that general measures like the CPI will provide a reasonably accurate measure of the need for an inflation adjustment in most cases. That assumption is consistent with the goal of keeping EAJA fee proceedings relatively simple, rather than having them resemble utility rate proceedings. If the government believes for some reason that the CPI does not accurately reflect what has happened in a particular legal market, it can if it wishes offer evidence to that effect. While the CPI suffices as proof of an increase in the cost of living, claimants must still produce satisfactory evidence that the increase in the cost of living "justifies" the rate requested. So claimants must produce evidence that the rate they request is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience.

*Sprinkle*, 777 F.3d at 428 (internal citations omitted).

The evidence submitted by counsel is sufficient to justify payment at an inflation-adjusted rate of $175 per hour. Moreover, the Court finds that the number of hours claimed by counsel is reasonable and appropriate.

Accordingly, the undersigned recommends that counsel is entitled to EAJA fees in the amount of four thousand, three hundred seventy-five dollars and zero cents ($4,375.00) (25 hours

multiplied by an hourly rate of $175). *See, e.g., Flamboe v. Commissioner of Social Security*, 2013 WL 1914546 at *2 (W.D. Mich., May 8, 2013) (because the "vast majority of social security appeals. . .involve a largely settled area of law, require no discovery, and follow a precise briefing schedule. . .generally, an attorney will spend in a range of 15 to 30 hours on a case seeking judicial review of the Commissioner's final administrative decision denying claims [for] DIB and SSI benefits"). However, in light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), the Court finds that this amount must be paid to Plaintiff not his attorney.

In *Astrue*, a Social Security claimant prevailed on her claim for benefits after which her attorney moved for an award of fees under the EAJA. *Id.* at 589. The fee request was granted, but before the award was paid the United States discovered that the claimant "owed the Government a debt that predated the District Court's approval of the award." The United States, therefore, sought an administrative offset (expressly permitted by statute) against the fees award to satisfy part of the claimant's debt. *Id.* The claimant's attorney subsequently intervened in the matter opposing the Government's position. *Id.* at 590. The district court found that counsel lacked standing to challenge the offset. The Eighth Circuit reversed, concluding that the fee award was payable to the claimant's attorney. The Supreme Court agreed to review the case to resolve a circuit split on the question. *Id.* at 590-91.

The Supreme Court, based on a straightforward interpretation of the relevant statutory text, concluded that the EAJA "awards the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Id.* at 591-93. The Court concluded that the "Government's history of paying EAJA awards directly to attorneys in certain cases does not compel a different conclusion." *Id.* at 597. As the Court observed, the Government "most often paid

EAJA fees directly to attorneys in cases in which the prevailing party had assigned its rights in the fees award to the attorney" and "has since continued the direct payment [to attorneys] only in cases where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Id.*

Several courts have subsequently concluded that while *Astrue* makes clear that an award of EAJA fees is payable to the claimant (i.e., it is the claimant's property), nothing in the *Astrue* decision prevents or renders invalid an otherwise appropriate assignment of EAJA fees by a claimant to her attorney. *See, e.g., Cowart v. Commissioner of Social Security*, 795 F.Supp. 2d 667 (E.D. Mich., June 13, 2011). While the Court does not necessarily disagree with this particular conclusion, such does not justify payment of an EAJA award directly to counsel.

Counsel previously submitted a copy of the fee agreement into which he entered with Plaintiff. (Dkt. #4). Pursuant to this agreement, Plaintiff agrees to "assign any court awarded EAJA attorney fees to my attorney." While the Court does not question the authenticity of this document, the fact remains that this Court has not been called upon to adjudicate or render a decision concerning Plaintiff's contractual obligations to his attorney. Awarding payment directly to Plaintiff's counsel would, in effect, constitute a determination regarding Plaintiff's contractual obligation to his attorney despite the fact that this particular issue is not properly before the Court. To so act could adversely impact the rights of individuals and/or entities not presently before the Court. Simply stated, the Supreme Court has held that payment of EAJA fees must be made to the party, not his attorney, and the Court declines to disregard such clear and controlling direction.

Accordingly, the undersigned recommends that Plaintiff's motion for fees and costs pursuant to the EAJA be **granted in part and denied in part** and, furthermore, that such fees be paid directly to Plaintiff.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act</u>, (Dkt. #17), be **granted in part and denied in part**. Specifically, the undersigned recommends that Plaintiff be awarded four thousand, three hundred seventy-five dollars and zero cents ($4,375.00) and that such be paid directly to Plaintiff.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date:  September 21, 2015         /s/ Ellen S. Carmody
                                  ELLEN S. CARMODY
                                  United States Magistrate Judge